UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

OWEN BEDASEE and SANDIE BEDASEE,

    Plaintiffs,

v.        Case No: 2:16-cv-576-FtM-99MRM

FIRST FRANKLIN, FIRST FRANKLIN FINANCIAL CORPORATION, NATIONAL CITY BANK, PNC BANK and DOES 1 THROUGH 100,

    Defendants.
_____/

### **ORDER**[1]

This matter comes before the Court on Defendants' Motion to Dismiss Plaintiffs' Complaint (Doc. #10) filed on August 22, 2016. Plaintiffs *pro se* Owen and Sandie Bedasee filed no response in opposition, but instead moved for Leave to File Amended Complaint (Doc. #26) and an Amended Motion for Leave to File Amended Complaint (Doc. #27), which includes a proposed amended complaint. Defendants filed a response in opposition to the requests to amend (Doc. #28) on November 23, 2016. For the reasons set forth below the motion to dismiss is granted and this case is dismissed for lack of subject matter jurisdiction.

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

**BACKGROUND**

This case involves another attempt by Plaintiffs to litigate their dissatisfaction with the underlying state court foreclosure proceedings. On July 8, 2005, Plaintiffs executed and delivered a promissory note in favor of Defendants in the principal amount of $320,000.00, which was secured by a first mortgage recorded in O.R. Book 3865, Page 224 of the Public Records of Collier County, Florida (the "Mortgage"). (Doc. #1 at ¶ 29; Doc. #1-1). The Mortgage encumbers that certain residential property at 4060 18th Avenue N.E., Naples, Florida (the "Property"). (Doc. #1 at ¶ 8; Doc. #1-1).

Plaintiffs defaulted under the promissory note and Defendant National City Bank sued to foreclose the Mortgage on March 27, 2009, in the Circuit Court for Collier County, Florida, Case No. 2008-CA-2261 (the "Foreclosure Action"). (*See generally* Doc. #1 at Count I ("Lack of Standing/Wrongful Foreclosure")). A final judgment was entered in the Foreclosure Action on August 12, 2014 (the "Foreclosure Judgment"), which foreclosed the Mortgage on the Property and set the initial sale date of September 10, 2014. However, numerous delays to the foreclosure sale followed; most recently, on January 8, 2017, Plaintiffs removed the Foreclosure Action to this Court, Case No. 2:17-cv-31-99CM, which was remanded for lack of subject matter jurisdiction on February 2, 2017.[2] While attempting to remove the foreclosure action to this Court, Plaintiffs filed the instant ten-count[3] Complaint against Defendants on July 25, 2016, alleging numerous claims,

---

[2] This was not Plaintiffs' first attempt to remove a post-judgment state court action to this Court. *See* Case Nos. 2:16-cv-555-99MRM, 2:16-cv-268-38MRM, 2:16-cv-740-38CM, 2:15-cv-501-29MRM. All of these cases were remanded for lack of subject matter jurisdiction. *See also* 2:09-cv-111-JES-SPC (Doc. #39) (dismissing the Bedasee's Complaint for lack of jurisdiction).

[3] Specifically, the counts include: lack of standing to foreclosure, fraud in the concealment, fraud in the inducement, intentional infliction of emotional distress, quiet title, slander of title, declaratory relief, violations of the Truth in Lending Act, Violations of RESPA, and Rescission. (Doc. #1).

including wrongful foreclosure. (Doc. #1). Plaintiffs assert that Defendants were not entitled to foreclose the Mortgage in the Foreclosure Action and as a result, Plaintiffs are entitled to injunctive relief, declaratory relief, and damages. Defendants argue that the Court has no jurisdiction to relieve Plaintiffs of the underlying judgment.

## DISCUSSION

### 1. Defendants' Motion to Dismiss

Federal courts are courts of limited jurisdiction and are obligated to inquire about jurisdiction *sua sponte* whenever it may be lacking. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994); Univ. of S. Ala. v. American Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." (citations omitted)). "Without jurisdiction the court cannot proceed at all in any cause." Univ. of S. Ala., 168 F.3d at 410. Subject matter jurisdiction relates to the Court's power to adjudicate a case. Morrison v. Nat'l Austl. Bank Ltd., 561 U.S. 247 (2010); Reed Elsevier, Inc. v. Muchnick, 559 U.S. 154 (2010). "[A] court must first determine whether it has proper subject matter jurisdiction before addressing the substantive issues." Taylor v. Appleton, 30 F.3d 1365, 1366 (11th Cir. 1994). If jurisdiction is found to be lacking, the Court cannot proceed at all; its sole remaining duty is to state that it lacks jurisdiction and dismiss the case. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998); *see also* University of S. Ala. v. The Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[O]nce a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue.").

Because Plaintiffs are proceeding *pro se*, their pleadings are held to a less stringent standard than pleadings drafted by an attorney and will be liberally construed. Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003). Liberally construing the Complaint, Plaintiffs appear to assert challenges to the foreclosure of their real property in Naples, Florida. (Doc. #1). They request possession of the Property and that the Court quiet title and allege that Defendants committed various wrongful and fraudulent acts during their home purchase and in the foreclosure proceedings.

District courts have "original jurisdiction of all civil cases *arising under* the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331 (emphasis added). "The well-pleaded-complaint rule has long governed whether a case 'arises under' federal law for purposes of § 1331." Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830 (2002) (citation omitted). That rule "provides that whether a case 'arises under' federal law must be determined from what necessarily appears in the plaintiff's statement of his own claim[.]" Id. (citation omitted). In other words, "federal jurisdiction generally exists 'only when a federal question is presented on the face of the *plaintiff's* properly pleaded complaint.;" Id. at 831 (quoting Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) (emphasis in original)).

Here, the Court agrees with Defendants' argument that because the Florida state court has already entered a final judgment of foreclosure against Plaintiffs, this Court has no jurisdiction to relieve them from that judgment. Plaintiffs cannot challenge the state court's final decision in the foreclosure proceeding without running afoul of the *Rooker-Feldman* doctrine. See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). Under the *Rooker-Feldman*

doctrine, a federal district court lacks subject matter jurisdiction to review a final state court decision. See *Nicholson v. Shafe,* 558 F.3d 1266, 1270-72 (11th Cir. 2009). The doctrine divorces federal courts from reviewing "state court final judgments because that task is reserved for state appellate courts or, as a last resort, the United States Supreme Court." *Nivia v. Nation Star Mortg., LLC*, 620 F. App'x 822, 824 (11th Cir. 2015); *see also* *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (stating a federal district court lacks jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments"). Plaintiffs could have raised their claims in the foreclosure action as either affirmative defenses or counterclaims[4] and this Court cannot act as an appellate court to the state court foreclosure proceedings and final judgment. Therefore, the Complaint (Doc. #1) is due to be dismissed for lack of subject matter jurisdiction.[5]

**2. Plaintiffs' Request to Amend**

Plaintiffs request leave to file a nineteen-court shot-gun amended complaint under the 4th, 5th, 6th, 7th, 8th, and 14th amendments to the United States Constitution for denial of due process and deprivation of civil rights for Defendants' acting under color of law, whose actions caused Plaintiffs damages and injury for taking their Property. (Doc. #26). "The decision whether to grant leave to amend a complaint is within the sole

---

[4] For example, a claim that a party lacks standing to foreclose on a mortgage is a defense that must be raised in a foreclosure action. *See, e.g.*, *Pacheco v. Indymac Fed. Bank, F.S.B.*, 92 So. 3d 276, 277 (Fla. 4th DCA 2012) (determining that a defendant could not assert lack of standing for the first time when seeking relief from a final judgment of foreclosure). In addition, to the extent Plaintiffs are claiming that the Mortgage is somehow void or invalid, those are also compulsory counterclaims to a foreclosure action. *See, e.g., Tucker v. Bank of New York Mellon*, 175 So. 3d 305, 305 (Fla. 3d DCA 2014).

[5] Plaintiffs do not allege diversity of citizenship under 28 U.S.C. § 1332 as the basis for the Court's jurisdiction.

discretion of the district court." *Laurie v. Alabama Court of Criminal Appeals,* 256 F.3d 1266, 1274 (11th Cir. 2001). A substantial justification for denying a timely-filed motion for leave to amend includes bad faith, dilatory motive by the movant, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of allowance of the amendment. *Id.*

The Court denies leave to file the proposed amendment because the proposed Amended Complaint suffers from the same infirmities as the initial Complaint, and therefore, amendment would be futile.[6] It also appears to have been filed in bad faith for dilatory reasons as the Court has on numerous occasions either remanded or dismissed actions which continue to request that the Court review the state court foreclosure proceedings.

### 3. Discharge Lis Pendens

Finally, Defendants request that the Court discharge the Lis Pendens filed in connection with the instant suit by Plaintiffs, which was recorded on July 25, 2016 in the Official Records of Lee County, Florida, at Instrument no. 5292933 and Book 5296, Page 3099. Defendants argue that Plaintiffs have asserted no proper basis to file the lis pendens or to otherwise cloud title to the property during the pendency of this case.

A federal court has the authority to use Florida Statute § 48.23(3) to discharge recorded notice of lis pendens "when the pending pleading does not show that the action is founded on a duly recorded instrument or on a lien claimed under Part I of Chapter 713 [construction liens] or when the action no longer affects the subject property." Fla. Stat.

---

[6] Although Plaintiffs cite the statute for diversity of citizenship under 28 U.S.C. § 1332 in their proposed amendment, there are inadequate allegations of citizenship in the Complaint, and thus the Court finds no diversity jurisdiction.

§ 48.23(c)(2). In *Beefy King Int'l, Inc. v. Veigle*, 464 F.2d 1102, 1104 (5th Cir. 1972),[7] the Court of Appeals affirmed the authority of a federal district court to discharge a lis pendens under Florida law because the court "determined that the suit does not directly affect the real property." Under Florida law, "the proponent of a notice of lis pendens has the burden of proof to show a fair nexus between the property and the dispute." *Med. Facilities Dev., Inc. v. Little Arch Creek Props., Inc.*, 675 So. 2d 915, 917 (Fla. 1996) (citing *Chiusolo v. Kennedy*, 614 So. 2d 491 (Fla. 1993)). "A complaint which will not support a claim against the specific property at issue cannot provide a basis for tying it up by a filing of notice of lis pendens." *Lake Placid Holding Co. v. Paparone*, 414 So. 2d 564, 566 (Fla. 2d DCA 1982). "A cause of action for equitable relief such as a lis pendens does not arise simply because a promise to pay is subsequently broken." *Id.* "When the primary purpose of a lawsuit is to recover money damages and the action does not directly affect the title to or the right of possession of real property, the filing of a notice of lis pendens is not authorized." *DeGuzman v. Balsini*, 930 So.2d 752, 755 (Fla. 5th DCA 2006).

Here, the Court agrees that because of dismissal of the instant suit Plaintiffs have no valid basis for such an encumbrance or claims to the Property to justify a lis pendens. Therefore, the Court will discharge the lis pendens.

Accordingly, it is now

**ORDERED:**

(1) Defendants' Motion to Dismiss Plaintiffs' Complaint (Doc. #10) is **GRANTED**. Plaintiffs' Complaint (Doc. #1) is dismissed for lack of subject matter

---

[7] The decisions of the United States Court of Appeals for the Fifth Circuit, as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit. *Bonner v. Pritchard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

jurisdiction. The lis pendens recorded in Lee County, Florida as Instrument no. 5292933 and Book 5296, Page 3099 is hereby **discharged**. The Clerk shall enter judgment accordingly, terminate all pending deadlines, and close the file.

(2)   Plaintiffs' Motion for Leave to File Amended Complaint (Doc. #26) and Amended Motion for Leave to File Amended Complaint (Doc. #27) are **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 8th day of February, 2017.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record